FILED
SEP - 3 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :  Criminal No. 08- 250-PLF
                         :
v.                       :
                         :
AHMED H. TAHIR,          :
          Defendant.     :

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Ahmed H. Tahir agrees and stipulates as follows:

Medicaid is a health care benefit program, jointly funded by the federal government and the District of Columbia, created to provide medical assistance and other benefits for certain individuals and families, typically those with low incomes and a lack of financial resources. In the District of Columbia, the Medicaid program is administered by the Medical Assistance Administration ("MAA"), which is an agency within the District of Columbia's Department of Health.

Under the District of Columbia's Medicaid Program, transportation is provided, if requested and the medical necessity is established, to all eligible Medicaid recipients who are seeking medical care and services covered under the program. Thus, Medicaid will pay companies to transport Medicaid recipients to medical appointments, health care services, and day treatment programs, if the transportation requests were authorized in advance, and if the transportation services were actually provided.

The defendant, Ahmed H. Tahir, was the owner of SAB Transit and a transportation provider with Medicaid. In December 2003, Mr. Tahir signed D.C. Medicaid transportation provider application documents as the "responsible party for complying with conditions of participation" and as "authorized agent" doing business as SAB Transit. In the D.C. Medicaid

Provider Agreement, signed by Mr. Tahir and dated December 1, 2003, Mr. Tahir agreed to provide services to eligible Medicaid recipients and to accept the Medicaid payments for those services.

At least from March 2004 to October 2007, Mr. Tahir, as a Medicaid provider, billed Medicaid for transportation services purportedly provided to Medicaid recipients. In response to these claims, Medicaid paid Mr. Tahir, with payment checks sent to Mr. Tahir's home address. These checks were deposited into various bank accounts in the name of Mr. Tahir and/or SAB Transit; Mr. Tahir was the only signatory on these bank accounts.

MAA conducted post-payment review of some of the claims submitted on behalf of Mr. Tahir and learned that Mr. Tahir billed, and Medicaid paid, for transportation services which were not provided. MAA, and subsequently law enforcement agents, researched b llings for various Medicaid recipients. MAA and law enforcement agents found that the Medicaid recipients were not always transported, as claimed, in that: they did not attend the day treatment programs on the days of the claimed transportation services; they had never been transported by Mr. Tahir or SAB Transit; they were transported by someone else; or they did not use the transportation service for some other reason. Despite this lack of actual service, Mr. Tahir and/or SAB Transit submitted and were paid for transportation services that were not, in fact, provided from March 2004 to October 2007. Mr. Tahir submitted these claims and arranged the claims to be submitted, knowing that the claims were false in that he had not transported the Medicaid recipients as claimed. With respect to the billings analyzed by law enforcement, Mr. Tahir's false bills to Medicaid comprised about 49% of the claims paid to Mr. Tahir/SAB Transit by Medicaid.

In sum, Mr. Tahir wrongfully obtained property belonging to Medicaid. At the time, he specifically intended to deprive Medicaid of the right to the property and intended to make use of the property for himself and for another person without authority or right, by submitting false bills to Medicaid for transportation services that he and/or SAB Transit had not provided to Medicaid recipients.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> United States Attorney
> for the District of Columbia
>
> By: _____
> THOMAS E. ZENO
> Assistant U.S. Attorney
> Bar No. 348623
> VIRGINIA CHEATHAM
> Assistant U.S. Attorney
> Bar No. 411980
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 9/3/08

_____
Ahmed H. Tahir
Defendant

I have discussed this Statement of Offense with my client. I concur with his decision to stipulate to this Statement of Offense.

Date: 9/3/08

_____
Lara G. Quint, Esq.
Attorney for the Defendant